UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald E. Marshall, # 34005-037, | ) C/A No. 2:10-296-DCN-RSC |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Warden Marry Mitchell, | ) |
| Respondent. | ) |

The petitioner, Ronald E. Marshall("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at Federal Correctional Institution, in Edgefield, South Carolina, a facility of the Federal Bureau of Prisons. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915.

The petition claims denial of Petitioner's Fifth Amendment rights to Equal Protection and Due Process during the trial and appeal of his criminal case in the United States District Court for the District of Maryland. Petitioner claims a motion under 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of his detention. Petitioner also claims that he is actually innocent of the criminal conduct for which he has been convicted. The petition should be dismissed because it is clear from the petition and attached documents that Petitioner is not entitled to relief in

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

this Court.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases in the United States District Courts Rule 4; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*,

2

449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to dismissal.

## BACKGROUND

Petitioner was convicted and sentenced in the United States District Court for the District of Maryland ("Sentencing Court"). *See United States v. Marshall*, No. 1:00-cr-00033-BEL (D. MD.) Petitioner was indicted on January 27, 2000, for conspiracy to sell and offer for sale paraphernalia as well as other related charges in violation of 21 U.S.C. §§ 863, 846, and 848. Petition at 1. Petitioner was found guilty after a jury trial and sentenced on June 11, 2001, to 240 months for engaging in Continuing Criminal Enterprise (CCE) in violation of § 848(a)(3) and lesser concurrent sentences for other paraphernalia related convictions. *Id*. A direct appeal was taken and the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), on June 13, 2003, affirmed Petitioners' convictions, except for the conspiracy conviction, which was remanded with instructions to vacate. *United States v.*

3

*Marshall*, 332 F.3d 254 (4th Cir. 2003). The Fourth Circuit specifically found that the Sentencing Court did not abuse its discretion in refusing to include in the instructions to the jury a list of examples contained in the statutory definition of drug paraphernalia. *Id.* at 262.

On February 23, 2004, Marshall filed a motion to vacate pursuant to 28 U.S.C. § 2255. Petition at 3. Petitioner asserted, in part, that counsel was ineffective in his criminal case because he did not argue that the Court's alteration of the jury instruction for the definition of paraphernalia violated Petitioner's Due Process rights. *Id.* The Sentencing Court denied Petitioner's § 2255 motion on November 9, 2006. Petitioner attempted to appeal, but his request for a Certificate of Appealability was denied on April 5, 2007. *Id.* Petitioner's further efforts through a petition for rehearing, *en banc* hearing, and writ of certiorari filed in the Fourth Circuit were unsuccessful. *Id.* Petitioner then filed in the Sentencing Court a motion for relief from a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure, which was denied on March 6, 2009. Petitioner's request for a Certificate of Appealability was also denied. *Id.*

On February 8, 2010, Petitioner's § 2241 habeas petition, with attachments, was filed in this Court, which is the jurisdictional district in which he is currently confined. In his § 2241

Petition, Petitioner contends the Sentencing Court's failure to include in the jury instructions the list of examples included in the statutory definition of drug paraphernalia violated his Fifth Amendment right to Equal Protection and Due Process of law. Petition at 4.

**DISCUSSION**

Petitioner files for habeas relief under 28 U.S.C. § 2241 which permits a district court to grant a writ of habeas corpus to a prisoner if he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255, a new postconviction remedy in the sentencing court, as a substitute for the traditional habeas corpus remedy. *Swain v. Pressley*, 430 U.S. 372, 377-78 (1977). The § 2241 habeas petition seeking a post conviction remedy is confined in this case by the § 2255 savings clause. 28 U.S.C. § 2255(e). Only when a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, may § 2241 be used to seek a remedy. *Id.; See In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997).

Petitioner contends the Sentencing Court "erroneously

recharacterized" his § 2255 ground "as a means to procedurely [sic] bar review," and thus the failure to address the underlying merits of Petitioner's § 2255 ground concerning the modified jury instruction makes the § 2255 remedy inadequate and ineffective. Petition at 7-8. The savings clause is not satisfied merely because Petitioner's prior § 2255 motion was unsuccessful. The law is clear that the § 2255 remedy is not inadequate or ineffective based simply on inability to obtain relief under § 2255. *See In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(en banc); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."). The petition fails to establish that the § 2255 remedy is inadequate and ineffective in Petitioner's case. Petitioner's § 2241 petition cannot be considered pursuant to the § 2255 savings clause.

Petitioner also argues that he is entitled to habeas relief under § 2241 because "he is actually innocent of violations under and related to § 863 as defined by Congress in § 863(d)." Petition at 8-9. He contends that the finding of guilt without Due Process of law, based on the jury instruction containing the incomplete statute, supports his claim of actual innocence. *Id*. Claims of "actual innocence" are extremely rare and are based on "factual innocence not mere legal insufficiency." *Bousley v. United States*,

6

523 U.S. 614, 623 (1998). Petitioner does not allege that there is any new, reliable evidence in support of his innocence that was not presented in any of his prior proceedings, and, thus, his actual innocence claim is facially inadequate to require consideration. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (To present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.") In fact, the Fourth Circuit, on direct appeal of Petitioner's conviction, addressed the issue of the jury instruction containing the modified statute, *United States v. Marshall*, 332 F.3d 254, 261-2, and Petitioner cannot appeal that issue again through a § 2241 petition on a claim of actual innocence.

In this case, Petitioner raised the issue of the modified jury instruction in the direct appeal of his conviction, in a collateral attack through a § 2255 motion, and in a post-judgment motion under Rule 60(b). A habeas petition under § 2241 is simply not another avenue to re-argue issues that have already been considered or determined to be procedurally barred. Petitioner has not established that a § 2255 motion is "inadequate or ineffective to test the legality of his detention," which would allow him to proceed under § 2241. Neither has Petitioner established that he is "actually innocent." The petition should be dismissed because

it is clear from the petition and attached documents that Petitioner is not entitled to relief under § 2241 in this Court.

### RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus be dismissed *without prejudice* and without requiring a response by the respondent. **Petitioner's attention is directed to the important notice on the next page.**

_____
Robert S. Carr
United States Magistrate Judge

March **24**, 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).